IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| RAIDEL RODRIGUEZ PERNA, | § § § § § § § § § § § § § § § § § § § § § | |
| *Petitioner,* | | |
| v. | | CIVIL ACTION NO. 9:26-CV-00050 |
| ALEXANDER SANCHEZ, in his official capacity as Co-Associate Warden of the IAH Secure Adult Detention Center; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; BRET BRADFORD, in his official capacity as Field Office Director of ICE Enforcement and Removal Operations Houston Field Office; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; and PAM BONDI, in her official capacity as Attorney General of the United States, | | JUDGE MICHAEL J. TRUNCALE |
| *Respondents.* | | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Raidel Rodriguez Perna (Rodriguez)'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Raidel Rodriguez Perna is a Cuban national who entered the United States unlawfully in 2019. [Dkt. 1 at ¶ 25]. Shortly after entering the country, Rodriguez was placed in removal proceedings, then released on bond. *Id.* at ¶¶ 26–27. In December 2025, United States Immigration and Customs Enforcement ("ICE") detained Rodriguez again. *Id.* at ¶ 30. Rodriguez claims that his bond was never officially revoked. *Id.* at ¶ 31.

On January 22, 2026, Rodriguez brought a habeas corpus petition. [Dkt. 1]. He argues that his

1

detention violates the Immigration and Naturalization Act ("INA"),[1] the Fifth Amendment to the United States Constitution, and the Administrative Procedure Act (APA). *Id.* The Government filed a response to Rodriguez's petition on March 13, 2026. [Dkt. 3]. Although Rodriguez had an opportunity to reply, he did not utilize it.

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. INA

Rodriguez first argues that his detention violates the INA because he is detained despite having a valid, unrevoked bond order. [Dkt. 1 at ¶ 58]. In response, the Government argues that it had authority to revoke Rodriguez's bond because there have been "material changes in circumstance" since his bond was issued. [Dkt. 3 at 2–3]. While the Court agrees that the Government could revoke Rodriguez's bond, with or without a material change in circumstance,[2] there is no evidence that it has formally done so. On the other hand, Rodriguez has failed to present evidence showing that the bond order was not revoked. Because habeas petitioners like Rodriguez bear the burden of proving their right to relief, the Government had no obligation to prove that it

---

[1] 8 U.S.C. § 1101 et seq.

[2] 8 U.S.C. § 1226(b) provides that the Attorney General may revoke an alien's bond "at any time." Neither the statute nor its regulations impose a "material change of circumstances" requirement.

revoked Rodriguez's bond. *See Williford v. Estelle*, 672 F.2d 552, 555 (5th Cir. 1982). It was instead incumbent on Rodriguez to demonstrate that the Government failed to do so. *See id.* Because Rodriguez has presented no evidence showing that his bond order is still effective, he has not established that his detention violates the INA.

### B. Due Process

Rodriguez likewise argues that his detention violates due process. [Dkt. 1 at ¶¶ 42–45]. It does not. The Supreme Court has repeatedly affirmed the constitutionality of detaining aliens during removal proceedings. *See, e.g., Demore v. Kim*, 538 U.S. 510, 531 (2003); *Carlson v. Landon*, 342 U.S. 524, 533 (1952). Because Rodriguez's removal proceedings are ongoing, he is eligible to be detained until his proceedings are terminated or a final removal order is issued. *See Kim*, 538 U.S. at 531.

### C. Administrative Procedure Act

Finally, Rodriguez argues that the Government violated the APA by re-detaining him without formally revoking his bond. [Dkt. 1 at ¶ 53–54]. Because Rodriguez has not established that his bond order was still in effect when the Government detained him, his APA claim also fails.

### IV. CONCLUSION

It is therefore **ORDERED** that Rodriguez's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 1st day of April, 2026.**

Michael J. Truncale
United States District Judge

3